# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL WILLIAMS,**

    **Plaintiff,**

                              **CASE NO.:**

**v.**

**STIDHAM MEDIA GROUP**
**HOLDINGS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Williams ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Stidham Media Group Holdings, LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., unpaid wages under Florida common law, and for violations of 42 U.S.C. § 1981 ("Section 1981") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. §760.01 et seq.

2. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. The Court has pendant jurisdiction of the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Osceola County which is in this district.

## **PARTIES**

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates a publishing company in Osceola County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

16. Plaintiff is a member of a protected class of persons under Section 1981.

17. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment are protected under Section 1981.

18. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

19. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

20. Plaintiff began working for Defendant as an Outside Sales Representative in January 2014, and he worked in this capacity until January 10, 2022.

21. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that he worked.

22. Defendant began taking deductions from Plaintiff's weekly salary despite Plaintiff having performed work those weeks.

23. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a weekly salary of Four Hundred Dollars per week ($400.00), plus commissions.

24. Defendant failed to pay Plaintiff all wages owed to him, including Eighty Dollars ($80.00) of his weekly salary for many weeks, as well as his commissions. Defendant did so despite receiving $109,655 in a Paycheck Protection Program loan specifically for the use of paying employees.

25. Plaintiff's unpaid wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

26. Defendant's failure to pay Plaintiff all of his wages, including his full weekly salary and commissions, was willful.

27. After Defendant began making these unlawful deductions from Plaintiff's salary and failed to pay him all of the commissions he earned, Plaintiff made several complaints about the FLSA violations Defendant was committing.

28. By objecting to Defendant's unlawful deductions from his wages, failure to pay him the minimum wage required by the FLSA, and failure to pay him all of the commissions he earned, Plaintiff engaged in activity that is protected by the FLSA.

29. In retaliation for his complaints, Defendant placed Plaintiff on a performance improvement plan in or about July 2021.

30. In a further act of retaliation, Defendant terminated Plaintiff's employment for a pretextual reason on or about January 10, 2022.

31. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

32. Plaintiff is Caucasian.

33. Defendant treated Plaintiff disparately based on his race. By way of example and not limitation, Defendant gave extra and more lucrative accounts to a Hispanic salesperson, Jaime Sousse ("Sousse").

34. For example, Defendant took several clients away from Plaintiff because they were in Sousse's alleged territory. Conversely, Defendant failed to assign to Plaintiff the municipalities that were in his territory yet assigned to Sousse.

35. The accounts taken from Plaintiff include, but may not be limited to, Osceola Heritage Park, Osceola County Fair, Wild Florida, Mecum Auction, and Osceola County Rodeo.

36. Defendant's owner also personally drove Sousse to Florida Bakery and Amigo Grocery, two businesses located within Plaintiff's territory, so that Sousse could take their account.

37. Defendant also gave Sousse municipal clients in Plaintiff's Kissimmee territory. Municipal clients generate more sales than the private businesses that advertise with Defendant. The clients that were given to Sousse include, but may

not be limited to, Toho Water, TECO, the City of Kissimmee, and the Osceola County Government.

38. Defendant's decision to give these municipal clients to Sousse resulted in more revenue generated by Sousse than Plaintiff.

39. Defendant's practice also violated its own policy that salespeople "could not earn commissions on a business who had advertised with [Defendant] in the past six months under a different salesperson."

40. Lastly, Defendant required Plaintiff to have a minimum of twenty touches per day. Sousse never reached that level either but was never put onto a performance improvement plan like Plaintiff was.

41. Instead, Sousse was given a wider territory, more municipal clients, more assistance from management, and more leniency than Plaintiff.

42. Plaintiff complained to Defendant about this disparate treatment.

43. In retaliation, Defendant terminated Plaintiff on January 10, 2022.

## COUNT I – FLSA UNPAID WAGES

44. Plaintiff realleges and readopts the allegations of paragraphs 1-15, 20-24, and 26-28 of this Complaint, as though fully set forth herein.

45. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for his services.

46. Defendant did not pay Plaintiff all of the commissions owed to Plaintiff.

47. Defendant also consistently made deductions from Plaintiff's weekly salary.

48. Defendant's practice of unlawfully deducting these monies from Plaintiff's wages constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

49. By unlawfully deducting these monies from Plaintiff's wages, Defendant obtained "kickbacks" from Plaintiff, in violation of 29 C.F.R. § 531.35.

50. Defendant's unlawful deduction practices violate the provisions of the FLSA.

51. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid wages as measured by Defendant's unlawful deductions, as liquidated damages;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) A jury trial for all issues so triable;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

  e)  A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

  f)  All costs and attorney's fees incurred in prosecuting these claims; and

  g)  For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

53. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 20-26 of this Complaint, as though fully set forth herein.

54. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

55. Defendant failed to pay Plaintiff all "wages" owed to him, including his unpaid weekly salary and commissions.

56. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c)  Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

  d)  All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

  e)  For such further relief as this Court deems just.

## **COUNT III – FLSA RETALIATION**

57. Plaintiff realleges and readopts the allegations of paragraphs 1-15, 20-24, and 26-31 of this Complaint, as though fully set forth herein.

58. By objecting to Defendant's unlawful deductions from his wages, failure to pay him the minimum wage required by the FLSA, and failure to pay him all of the commissions he earned, Plaintiff engaged in protected activity under the FLSA.

59. By placing Plaintiff on a performance improvement plan and subsequently terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e)    Compensatory damages, including emotional distress, allowable at law; and

    (f)    For such further relief as this Court deems just and equitable.

## COUNT IV – 42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 16-20 and 32-42 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class of persons under Section 1981.

64. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

65. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

66. Defendant's actions were willful and done with malice.

67. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

68. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT V — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

69. Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 16-20, 29, and 32-43 of this Complaint, as though fully set forth herein.

70. Plaintiff is a member of a protected class of persons under Section 1981.

71. By complaining about the racial discrimination he experienced at work, Plaintiff engaged in protected activity under Section 1981.

72. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

73. Defendant's actions were willful and done with malice.

74. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

75. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

76. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    (d) Compensatory damages, including emotional distress, allowable at law;

    (e) Punitive damages;

    (f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    (g) Prejudgment interest on all monetary recovery obtained;

    (h) All costs and attorney's fees incurred in prosecuting these claims; and

    (i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
### (RACE DISCRIMINATION)

77. Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 16-20 and 32-42 of this Complaint, as though fully set forth herein.

78. Plaintiff is a member of a protected class of persons under the FCRA.

79. Defendant is an employer pursuant to the FCRA as it has more than fifteen employees.

80. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

81. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

82. Defendant's actions were willful and done with malice.

83. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

84. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of the FCRA, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT VII — FCRA VIOLATION**
## **(RETALIATION)**

85. Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 16-20, 29, and 32-43 of this Complaint, as though fully set forth herein.

86. Plaintiff is a member of a protected class of persons under the FCRA.

87. Defendant is an employer pursuant to the FCRA as it has more than fifteen employees.

88. By complaining about the racial discrimination he experienced at work, Plaintiff engaged in protected activity under the FCRA.

89. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

90. Defendant's actions were willful and done with malice.

91. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

92. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

93. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of the FCRA, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 6th day of December, 2023.

                                                    Respectfully submitted,

                                                    */s/ Amanda E. Heystek*
                                                    **AMANDA E. HEYSTEK**
                                                    Florida Bar Number: 0285020
                                                    Direct Dial: 813-379-2560
                                                    **WENZEL FENTON CABASSA, P.A.**
                                                    1110 N. Florida Avenue, Suite 300
                                                    Tampa, Florida 33602
                                                    Main Number: 813-224-0431
                                                    Facsimile: 813-229-8712
                                                    Email: aheystek@wfclaw.com
                                                    Email: rcooke@wfclaw.com
                                                    **Attorneys for Plaintiff**