# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL WILLIAMS,**

      **Plaintiff,**

v.                                                Case No: 6:23-cv-2340-ACC-DCI

**STIDHAM MEDIA GROUP**
**HOLDINGS, LLC and ROCHELLE E**
**STIDHAM,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion to Approve Settlement and for Dismissal with Prejudice (Doc. 27)** |
| **FILED:** | **July 1, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is the parties' joint motion for approval of their settlement agreement in this case alleging violations of the wage provisions of the Fair Labor Standards Act (FLSA). Doc. 27 (the Motion). Attached to the Motion is the settlement agreement. Doc. 27-1 (the Agreement). The Motion is due to be denied without prejudice because the parties fail to adequately explain what portion, if any, of the settlement amount is attributable to liquidated damages and because the Agreement contains a general release, confidentiality clause, and non-disparagement clause that may affect the fairness of the settlement.

In the Motion, the parties provide a breakdown of the settlement amount as follows:

(1)     $2,858.08 payable to Michael Williams for his alleged unpaid wages;

(2)     $2,858.07 payable to Michael Williams for his alleged damages for his non-FLSA claims; and

(3)     $4,783.85 payable to Wenzel, Fenton & Cabassa, P.A. for attorneys' fees and costs (including the filing fee).

Doc. 27 at 2. The parties then explain that,

> In this case, Defendant's good faith affirmative defense and Plaintiff's entitlement to liquidated damages was contested, and Plaintiff may not have succeeded in recovering liquidate damages. Instead, Plaintiff sought to recover his hard damages of unpaid commissions.

*Id*. at 5. On the next page, the parties represent that, "Plaintiff is receiving an equal amount as liquidated damages for his non-FLSA claims, including retaliation under the FLSA." *Id*. at 6. Later, the parties assert that the general release, confidentiality clause, and non-disparagement clause contained within the Agreement are fair and reasonable because of the additional consideration Plaintiff received in settlement for the non-FLSA wage claims. *Id*. at 8-10.

Any settlement of FLSA claims must either be supervised by the Secretary of Labor or must be approved as a fair and reasonable settlement by the Court. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In addressing the settlement amount, 29 U.S.C. § 216(b) provides that, "Any employer who violates" the minimum wage provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." But "if the employer shows to the satisfaction of the court that the act or omission giving rise to" an action to recover unpaid minimum wages under the FLSA "was in good faith and that he had reasonable grounds for believing that his act or omission

was not a violation of the Fair Labor Standards Act," then "the court may, in its sound discretion, award no liquidated damages." *Id*. § 260. "In conjunction, these two provisions mean that "liquidated damages are mandatory absent a showing of good faith." *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (quoting *Spires v. Ben Hill Cty*., 980 F.2d 683, 689 (11th Cir. 1993); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *see Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). As such, if a settlement occurs, the Court must review for reasonableness and fairness the amount of unpaid wages *and* the amount of liquidated damages paid, if any.

In the Motion, the parties include arguably contradictory language concerning the issue of "liquidated damages" and compensation for certain of the Agreement's more troublesome provisions. Indeed, stating that "Plaintiff is receiving an ***equal amount as liquidated damages for his non-FLSA claims***" makes little sense here, as there is no explanation for what the parties mean by "liquidated damages" for the non-FLSA claims. Doc. 27 at 6 (emphasis added). Further, the parties merely state in a perfunctory manner that Plaintiff's claim to an equal amount of liquidated damages for the FLSA claim "is contested" due to Defendant's assertion of the good faith defense and, as such, Plaintiff "may not have succeeded in recovering liquidate[d] damages." *Id*. at 5. But the parties must show in their Motion that there is a genuine dispute regarding whether Plaintiff is entitled to liquidated damages. *See Nall v. Mal-Motels, Inc*., 723 F.3d 1304, 1307 (11th Cir. 2013) ("[A] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them.") (citation omitted). This is especially troubling because the parties state that Plaintiff is receiving "full pay" but fail to adequately explain why Plaintiff is not receiving an equal amount of liquidated damages on the FLSA claim. Yet, if the equal amount of "liquidated damages" Plaintiff is receiving ***is*** for the FLSA wage claim, then

there is no separate consideration for the other problematic provisions in the Agreement, i.e. the general release, confidentiality clause, and non-disparagement clause. And regardless of the compensation offered, the Court is unlikely to approve an agreement that contains a provision requiring the parties to keep confidential a publicly filed document—an illusory agreement, at best.

The Court, therefore, finds that it cannot adequately review the settlement for fairness and reasonableness based upon the information provided.

Accordingly, the Motion (Doc. 27) is **DENIED without prejudice**. The parties must file a renewed motion to approve their FLSA settlement within 14 days.

**ORDERED** in Orlando, Florida on October 30, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE