## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MICHAEL WILLIAMS,**

      **Plaintiff,**

**v.**                     **CASE NO: 6:23-cv-02340-ACC-DCI**

**STIDHAM MEDIA GROUP**
**HOLDINGS, LLC, and**
**ROCHELLE E. STIDHAM,**

      **Defendants.**

_____/

### SECOND JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE

Plaintiff, Michael Williams, and Defendants, Stidham Media Group Holdings, LLC, and Rochelle E. Stidham, ("Defendants") (both collectively, the "Parties"), by their respective counsel, and pursuant to this Court's October 30, 2024, Order (Dkt. 28), file this second motion for approval of the Settlement Agreement executed by the Parties, and for dismissal with prejudice of all claims in this case. In support of their Motion, the Parties state as follows:

1.      Plaintiff filed his Amended Complaint against Defendants for several claims including: (I) Unpaid Wages under the Fair Labor Standard Act ("FLSA"); (II) Unpaid Wages under Florida Common Law; (III) Retaliation under the FLSA; (IV & VI) Race Discrimination under 42 U.S.C. § 1981 and the Florida Civil Rights Act ("FCRA"); and (V & VII) Retaliation under 42 U.S.C. § 1981 and the FCRA. (Dkt. 21).

2.      Plaintiff's Complaint alleges that Defendants failed to pay Plaintiff all of his commissions and that there were unjustified deductions from his paycheck and when he complained, he was terminated for engaging in that protected activity. (Dkt. 21).

3.      Specifically, Plaintiff alleges that by failing to have paid Plaintiff all of his commissions and by having taken unjustified deductions from his paycheck, Defendant failed to pay him minimum wage pursuant to the FLSA. Defendant, on the other hand, alleges that Plaintiff was exempt from the FLSA as an outside sales employee under 29 C.F.R. § 541.0(a). The Defendant also argues that there were no unjustified deductions from the Plaintiff's paychecks.

4.      Plaintiff disputes the categorization of an outside sales employee, asserts that Defendant's label or job title is not the reality of his job duties, and disputes  that his sales occurred at the employer's place of business or from home pursuant to the U.S. Department of Labor's Fact Sheet #17F.

5.      As such, the Parties had a bona fide dispute over the coverage of the FLSA for Plaintiff.

6.      Defendants deny Plaintiff's allegations and assert that they acted in good faith and had reasonable grounds for believing their conduct was in compliance with the FLSA pursuant to 29 U.S.C. §260.

7.      Further, Plaintiff's Complaint includes non-FLSA claims for discrimination and retaliation under 42 U.S.C. § 1981.

8.     The Parties mediated with respected mediator, Scott Callen, on June 3, 2024, and fully resolved all claims.

9.     The Parties have agreed to settle this action for a total settlement of Plaintiff's alleged unpaid wages; and separately, an amount of damages for his claims of discrimination and retaliation under 42 U.S. § 1981 and for his FLSA Retaliation claim. The terms of the settlement are memorialized in the settlement agreement, attached as Exhibit "A", and provide for the following breakdown attributable to each claim:

(1) $2,858.08 payable to Michael Williams for his alleged unpaid wages;

(2) $2,858.07 payable to Michael Williams for damages for his non-FLSA claims; and

(3) $4,783.85 payable to Wenzel, Fenton & Cabassa, P.A. for attorneys' fees and costs (including the filing fee).

10.     The parties have agreed that Defendant will pay Plaintiff's counsel's fees and costs which were discussed entirely separate from Plaintiff's recovery regarding his FLSA claims.

11.     Based on a review of records produced in this case, Plaintiff's recovery amounts to full pay for the entirety of his allegedly owed wages, including deductions and owed commissions. Conversely, if litigation were to continue, Defendant would contend that Plaintiff is not owed any wages at all.

12.     For his alleged FLSA retaliation and non-FLSA claims, the Parties intended to resolve those claims with separate consideration in exchange for a

General Release. The Parties agreed to attribute $2,858.07 as "damages for his non-FLSA claims."

13.     In light of these differences, this settlement was both reasonable and fair under the facts of this particular case. If Defendant were to prevail on its good faith defense, but fail on its exemption defense, then Plaintiff would not recover his liquidated damages on his FLSA claim. Worse still, if Defendant were to successfully assert its defenses that Plaintiff is exempt from the FLSA and not owed any wages or commissions at all, then Plaintiff would have recovered nothing. Ultimately, this litigation was due to be long, protracted and financially burdensome. Plaintiff wished to avoid the risks, unknowns, and costs of protracted litigation in favor of the certainty of recovery of his wages and for his discrimination and retaliation claims under 42 U.S.C. § 1981, the FCRA, and the FLSA. The Defendant also wished to avoid the risks, unknowns, and costs of protracted litigation in favor of the certainty of damages.

14.     For these reasons, the Parties respectfully ask this Honorable Court to grant this Motion, approve the attached settlement agreement, and dismiss this case with prejudice.

## **MEMORANDUM OF LAW**

There are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c);

159438460.1

*Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceeding and the amount of discovery completed;

(4)    the probability of plaintiff's success on the merits;
(5)    the range of possible recovery; and
(6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527, 1530-31 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

## I.    THE SETTLEMENT AMOUNT OF PLAINTIFF'S OVERTIME WAGES AND DAMAGES FOR HIS NON-FLSA CLAIMS

Under the terms of the Settlement Agreement attached as Exhibit A, Defendant will pay Plaintiff the following sums in settlement of his claims:

(1) $2,858.08 payable to Michael Williams "representing alleged unpaid commissions/wages";

(2) $2,858.07 payable to Michael Williams "representing alleged damages for Plaintiff's non-FLSA claims"; and

(3) $4,783.85 payable to Wenzel, Fenton & Cabassa, P.A. for attorneys' fees and costs (including the filing fee).

In this case, Defendant asserted two defenses to Plaintiff's FLSA claim. First, Defendant asserted that Plaintiff was exempt from the FLSA under the outdoor sales exemption. Second, Defendant asserted that even if Plaintiff was not exempt from the FLSA, Defendant's reasoning was in good faith and there were reasonable grounds for classifying Plaintiff as exempt. Thus, Plaintiff's entitlement to liquidated damages under the FLSA was contested, and Plaintiff may not have succeeded in recovering liquidate damages. Instead, Plaintiff sought to recover his hard damages of unpaid commissions.

159438460.1

The amounts above fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with litigation rather than settling. In this case, Plaintiff is obtaining his unpaid wages, including commissions. Additionally, Plaintiff is being compensated for his damages for his alleged FLSA retaliation claim as well as his discrimination / retaliation claims under 42 U.S.C. § 1981 and the FCRA. Thus, Plaintiff is recovering all of his allegedly owed wages as well as separate consideration as damages for his non-FLSA claims.

## II.     ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT

As discussed above, the Parties do not agree as to the viability of the FLSA claims asserted in the action. Defendant denies that there is FLSA coverage and/or that it owes Plaintiff any additional compensation or wages. Plaintiff acknowledges that the settlement amount represents fair compensation for his FLSA/ unpaid wage claim for the statutory period covered by his complaint. To be sure, Plaintiff filed his complaint on December 6, 2023 and any unpaid wages, absent intent, would date back to December 6, 2021 and Plaintiff was terminated on January 10, 2022. Thus, Plaintiff was faced with a limited period of recovery for his FLSA claim. Secondly, Plaintiff is receiving a separate amount as damages for his non-FLSA claims, including retaliation under the FLSA. The Parties' good faith and arms' length negotiations with their selected mediator was intended by both Parties to resolve all of Plaintiff's claims. Accordingly, the settlement is fair.

As to the first factor in *Leverso,* the settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against his former employer, which was adversarial in nature. Defendant was represented by competent counsel and the settlement was the product of arms-length negotiations. In this case, the Parties voluntarily mediated in person on June 5, 2024, with respected mediator Scott Callen. Courts have found that no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No.

6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. December 21, 2006). Here, experienced counsel represented each party and exchanged information and documents that would normally be produced in discovery. The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

As to the second element, the complexity, expense, and likely duration of the litigation favors approval of the settlement. Defendants first deny that Plaintiff was entitled to any unpaid wages at all. Defendant also argues that even if Plaintiff was covered by the FLSA, it acted in good faith and believed its actions were in compliance with the FLSA. Therefore, the Plaintiff faced challenges in the complexity of his arguments and the claims would likely endure protracted litigation with no guarantee of success. This factor favors approval of the settlement.

The third factor, the stage of the proceedings and the amount of discovery completed also favors approval of the settlement. The Parties have exchanged documents and records. Specifically, the Plaintiff served discovery on Defendant on April 18, 2024 and Defendant responded on May 17, 2024. This included the exchange of Plaintiff's compensation records as well as information regarding his non-FLSA claims. Furthermore, the Parties engaged in detailed settlement discussions through a private mediator. Plaintiff is recovering the amount claimed for his unpaid wages and commissions. This factor also favors approval of the settlement.

159438460.1

The probability of success on the merits also militates in favor of this settlement. At this juncture, the Parties agree that avoiding the cost and risk of proceeding with litigation is in the best interest of both Parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiff has at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Therefore, the fourth factor, as well as the fifth factor regarding the range of possible recovery to weigh in favor of approving the settlement.

Finally, Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable, as Plaintiff will be fairly compensated in both wages for his FLSA claim and damages for his non-FLSA claims, and his attorneys paid. In reaching this settlement, both Plaintiff and Defendant compromised their original positions and hereby move for this Court's approve of the negotiated Settlement Agreements.

## III.      PLAINTIFF RECEIVED SEPARATE CONSIDERATION FOR RELEASE OF NON-FLSA WAGE CLAIMS AND FLSA RETALIATION

Plaintiff also resolved his FLSA retaliation claim, and his race discrimination and retaliation claim, in exchange for a Release and Covenant Not to Sue (the "Release"). To be sure, the Parties state that they have not entered into any

159438460.1

separate agreements or "side deals" because they narrowly tailored the Release in their agreement. Specifically, the Release was tailored narrowly to "of and from claims related to the Fair Labor Standards Act, as amended." Thus, the Parties respectfully submit that the Release contained in their Settlement Agreement does not contaminate the reasonableness of their settlement agreement. Nonetheless, the Parties respectfully submit that if their Release is read broadly, that it still comports with this jurisdiction's case law for General Releases of non-FLSA wage claims and should be approved.

For instance, settlement of FLSA retaliation claims, as was done here, does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim. *Mansfield v. Spirit Scaffolding, LLC*, 619CV2428ORL41DCI, 2020 WL 13120606, at *2 (M.D. Fla. July 30, 2020), *report and recommendation adopted*, 619CV2428ORL41DCI, 2020 WL 13120603 (M.D. Fla. Aug. 10, 2020); *Gorgone v. Fla. Disc. Drugs, Inc.,* No. 618CV635ORL37LRH, 2019 WL 1396513, at *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted,* No. 618CV635ORL37LRH, 2019 WL 1383231 (M.D. Fla. Mar. 27, 2019). Additionally, this Court has found General Releases that were supported by separate consideration as reasonable. For instance, in *Cespedes v. Caribbean Supercenter, Inc.*, 619CV690ORL41DCI, 2019 WL 3807474, at *2 (M.D. Fla. Aug. 12, 2019), *report and recommendation adopted,* 619CV690ORL41DCI, 2019 WL 3802470 (M.D. Fla. Aug. 13, 2019), a general release in exchange for $100.00 was found acceptable. Here, Plaintiff is resolving

159438460.1

an FLSA Retaliation and race discrimination and retaliation claim in exchange for much more than $100.00. Thus, the Parties respectfully submit that the Settlement Agreement and its Release complies with this Court's previous case law.

Similarly, the Parties' Settlement Agreement does contain a "confidentiality clause" while simultaneously acknowledging that the Settlement Agreement would be filed with the Court for approval and would become a public record. To clarify, the Settlement Agreement states that Plaintiff and Defendant will not "discuss, disclose or publicize any facts underlying the causes of action in the lawsuit except as may be strictly required under law." The Parties' intent was not to prohibit the settlement agreement from being public, but rather to refrain from publicizing the dispute, an agreement meant to be more in line with the provision in *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13–CV–5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). In *Lola,* the court found that the agreement did "not unduly restrict Plaintiffs' ability to discuss the Settlement, which has been publicly docketed and is accessible to anyone interested in reading it."

However, should the Parties' confidentiality clause be found to be in violation of the FLSA, the Parties agreed to include a severability clause as well. The Parties respectfully submit that these provisions do not contaminate the settlement, but understood such a provision could be struck or deemed unenforceable by the Court. Yet, in *Morales v. Am. Health Associates, Inc.,* 6:20-CV-1347-WWB-DCI, 2021 WL 7451920, at *2 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted,* 6:20-CV-1347-WWB-DCI, 2021 WL 7451907 (M.D.

Fla. Sept. 7, 2021), this Court found that the extraneous provisions (a general release, confidentiality, non-disparagement, no re-employment, and a neutral reference) applied only to the settlement of the Florida whistleblower claim. Similarly in this case, the Parties respectfully submit that the typical terms found in non-FLSA settlement agreements were agreed to for Plaintiff's non-FLSA wage claims and not for any reason to undermine the remedial purposes of the FLSA. The Parties respectfully request that the Court also find that the terms for the non-FLSA settlement agreement "have no impact on the fairness and reasonableness of the settlement of the FLSA claims in this case given the parties' representations."

## IV.    ATTORNEY'S FEES WERE NEGOTIATED SEPARATELY AND ARE REASONABLE.

As part of the Parties' settlement, Plaintiff's attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiff for his underlying FLSA wage claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

Here, Defendant's total payment of $4,783.85 for Plaintiff's attorneys' fees and costs, including the filing fee, provides for the resolution of all attorneys' fees and costs owed to Plaintiff's counsel. The payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise.

## CONCLUSION

The Parties assert that the settlement they reached is a fair and reasonable compromise of Plaintiff's claims. Accordingly, the Parties respectfully request that this Court approve the Settlement Agreements and dismiss Plaintiff's claims.

Dated this 13th day of November, 2024.

BY:
/s/ Stacy A. McCland
Stacy A. McCland, Esquire
Florida Bar No. 60570
MCCLAND LAW, P.A.
241 Ruby Avenue, Suite C
Kissimmee, FL 34741
Tel: (321)766-9030
stacy@mcclandlaw.com
service@mcclandlaw.com
**Counsel for Defendants**

BY:
/s/ Amanda E. Heystek
Amanda E. Heystek, Esquire
Florida Bar Number: 0285020
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Facsimile: 813-229-8712
E-mail: aheystek@wfclaw.com
Secondary: rcooke@wfclaw.com
**Counsel for Plaintiff**

159438460.1